# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

TYRELL PLAIR,

      Petitioner,

v.                               **Case No. 3:12cv00237/LC/CJK**

DREW,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's amended petition for writ of habeas corpus (doc. 4), filed pursuant to 28 U.S.C. § 2241, and the government's motion to dismiss the petition (doc. 13). Petitioner has filed a response in opposition to the motion to dismiss (doc. 15). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and NORTHERN DISTRICT OF FLORIDA LOCAL RULE 72.2(B). After careful consideration, the undersigned concludes that the motion to dismiss should be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a detainee confined at Federal Prison Camp Bennettsville ("FPC Bennettsville") has filed an amended *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the length of his prison sentence. Specifically, petitioner argues his prior conviction was not a qualifying predicate offense and therefore he is subject to a ten year minimum mandatory sentence rather than the

enhanced twenty year minimum sentence that was imposed. (Doc. 5, p. 1). As relief, petitioner requests that his sentence be vacated and that he be re-sentenced without the twenty year mandatory minimum. (Doc. 5, p. 1)

The pertinent procedural history of this case, gleaned from petitioner's pleadings, the government's motion to dismiss, and the docket, begins on January 1, 1997, when petitioner was charged with conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and b(1)(A)(ii) and (iii). *See* Case No. 3:99cr77. Defendant pled guilty to count one and received a sentence of 240 months imprisonment. Defendant did not appeal. On March 16, 2001, petitioner filed a motion to vacate and set aside his conviction pursuant to 28 U.S.C. § 2255. On November 18, 2003, the court denied petitioner's § 2255 petition. *See* Case No. 3:99cr77.

On May 21, 2012, petitioner filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) and amended petition on June 18, 2012 (doc. 4). On June 18, 2012, petitioner filed a successive motion to vacate under § 2255. *See* Case No. 3:99cr77. This court dismissed the motion on May 10, 2013. *See* Case No. 3:99cr77. The government filed a motion to dismiss the present petition on October 25, 2012 (doc. 13). On December 26, 2012, petitioner submitted a response to the government's motion (doc. 15).

DISCUSSION

"Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255." *Sawyer v. Holder*, 326 F.3d 1363 (11th Cir. 2003); *see McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("A motion to vacate sentence pursuant to 28 U.S.C. [§] 2255 provides the primary method of

collateral attack on a federally imposed sentence.").[1]  Under limited circumstances, however, the "savings clause" provision of § 2255 permits a federal detainee to pursue habeas corpus relief as provided for in 28 U.S.C. § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Sawyer*, 326 F.3d at 1365 ("Under the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention."); *McGhee*, 604 F.2d at 10 ("A petition for a writ of habeas corpus pursuant to 28 U.S.C. [§] 2241 is not a substitute for a motion under [§] 2255; and a petition under [§] 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [§] 2255 'is inadequate or ineffective to test the legality of his detention.'").  The Eleventh Circuit has interpreted this provision to mean that "the savings clause applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion." *Sawyer*, 326 F.3d at 1365 (*citing Wofford v. Scott*,

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent all decisions of the former U.S. Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

177 F.3d 1236, 1244 (11th Cir. 1999)).

Notably, "[t]he burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the [§] 2255 remedy rests with the petitioner." *McGhee*, 604 F.2d at 10; *see Jerdine v. United States*, 296 F. App'x 832, 833 (11th Cir. 2008). "It is well established that a prior unsuccessful [§] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee*, 604 F.2d at 10; *see Miller v. Warden*, 449 F. App'x 773, 774 (11th Cir. 2011) ("The restrictions on successive § 2255 motions do not, by themselves, render that section inadequate or ineffective."); *Hernandez v. Drew*, 371 F. App'x 991, 993 (11th Cir. 2010) ("In order for a prisoner to avail himself of the § 2241 remedy, all three *Wofford* criteria must be met."); *Sawyer*, 326 F.3d at 1365 (determining inadequacy or ineffectiveness of § 2255 remedy by reference to the three-pronged *Wofford* test); *Wofford*, 177 F.3d at 1237 (rejecting appellant's argument that restrictions on second § 2255 motions rendered that section inadequate or ineffective to test legality of his detention within the meaning of the savings clause, such that appellant could resort to § 2241 remedy).

In his accompanying memorandum of law (doc. 5), petitioner argues, "based on *United States v. Simmons*, 649 F.3d 245, his prior convictions are not a predicate to his 20 year mandatory sentence . . . therefore, his sentence should be recalculated without the 20 year mandatory minimum, but a 10 year mandatory minimum instead." (Doc. 5, p.1). In turn, the government contends, correctly, that a petitioner may not advance a § 2241 petition until he "opens the portal" to the remedy by demonstrating that § 2255's savings clause applies to his claim. *See Miller*, 449 F. App'x at 774 ("Only if the petitioner 'opens the portal' to a § 2241 petition by establishing [the]

three [*Wofford*] elements may he proceed to argue the merits of his claim."). Ultimately, the government argues petitioner has not demonstrated that the savings clause applies to his claim, and thus petitioner cannot bring his claims under § 2241. (Doc. 13, pp. 2-3).

Petitioner alleges no facts demonstrating his remedy under § 2255 is inadequate or ineffective. Petitioner has not identified, as the basis of any claim, a retroactive Supreme Court decision that establishes he was convicted of a non-existent offense, nor has he asserted any legal claim that was unavailable to him at the time he filed his previous § 2255 motion. Instead, petitioner asserts that *United States v. Simmons* is a new "[s]ubstantive [r]ule" that applies retroactively, and therefore, the "savings clause" applies. (Doc. 5, p. 1). Only new substantive decisions by the Supreme Court generally apply retroactively. *See Schriro v. Summerlin*, 542 U.S. 348, 351-52 (indicating new substantive rules are Supreme Court decisions that "narrow the scope of a criminal statute by interpreting its terms" and those rules that feature "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish"); *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) ("A prisoner may receive permission to file a second or successive motion to vacate, set aside, or correct a sentence when a decision of the Supreme Court creates a new rule of constitutional law that "prohibit[s] a certain category of punishment for a class of defendants."). Consequently, *Simmons*, a Fourth Circuit decision, does not apply retroactively and does not trigger § 2255's savings clause.

Furthermore, petitioner's claims are § 2255 claims because petitioner challenges the validity of his conviction and sentence as imposed, not how his

sentence is being executed. Petitioner has made no showing that his claims meet the three-pronged test in *Wofford*. Neither the unavailability of relief under § 2255 because of a statute of limitations bar, the prohibition against a second or successive § 2255 motion, nor a procedural bar will demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford*, 177 F.3d at 1245 (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241."). Because petitioner has not demonstrated the inadequacy of the § 2255 remedy, he should not be permitted to bring his claims by § 2241. *See, e.g,. Wofford* at 1245 (applying the *Wofford* criteria to a claim that the trial court lacked jurisdiction over petitioner's underlying criminal conviction).

Finally, petitioner, in his response to the government's motion to dismiss (doc. 15), references, for the first time, 28 U.S.C. § 1651(a), a statute which has no pertinent application to the instant proceedings. (Doc. 15, p. 1). Moreover, the court cannot grant relief based on arguments raised for the first time in petitioner's response. Also, petitioner belatedly requests appointment of counsel. (Doc. 15, pp. 1-2). "Appointment of counsel in civil cases is, rather, a privilege 'justified only by exceptional circumstances,' such as the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (*quoting Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (brackets in original). Having reviewed petitioner's pleadings, the undersigned cannot identify any facts or legal issues so novel or complex as to

merit the appointment of counsel. As noted above, the claim is a run of the mill § 2255 motion, dressed up in an attempt to avoid detection.

Accordingly, it is respectfully RECOMMENDED:

1.  That the government's motion to dismiss (doc. 13) be GRANTED.

2.  That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 4) be DISMISSED with prejudice, as petitioner has not demonstrated entitlement to proceed under that section.

3.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 15th day of August, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).